UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATHAN G. REID, JR., #300961,**

    Petitioner,

                               Civil No: 2:06-CV-13281
                               Honorable George Caram Steeh
                               Magistrate Virginia M. Morgan

v.

**MARY BERGHUIS, Warden**,

    Respondent.
_____

### OPINION & ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner pled no contest to the following offenses: (1) second degree murder; (2) armed robbery; (3) car-jacking; and (4) home invasion. He was subsequently convicted of the charges and he is now challenging his convictions. Along with Petitioner's habeas petition, he also filed a "Motion for Appointment of Counsel." Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Murray v. Giarratano*, 492 U.S. 1 (1989); see also, *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir.1993). The court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), Rules Governing Section 2254 Cases. In *Lavado*, the Sixth Circuit noted that "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." (Internal quotation and citations omitted).

Petitioner's justification for seeking appointed counsel is two-fold. First, he claims that he is indigent and that he had appointed counsel during his state appellate proceedings. Second,

Petitioner generally asserts that the legal issues in this matter are complex and "sufficiently intricate" to warrant assistance of counsel.  However, Petitioner fails to articulate why the issues raised in his case are so difficult that an attorney is required to bring the matter to resolution.  Petitioner has raised the following issues in his habeas petition: (1) abuse of discretion by the trial court in its acceptance of the no contest plea; (2) abuse of discretion by the trial court in its failure to allow the Petitioner to withdraw his plea; (3) ineffective assistance of counsel; (4) denial of his right to allocute; and (5) denial of his right to an updated pre-sentence report at his re-sentencing.

The Court has considered the complexity of the issues and the procedural posture of the case. At this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Petitioner's position.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's "Motion for Appointment of Counsel" [Docket No: 3-1, filed July 20, 2006] is **DENIED**.  The Court may appoint counsel at a future time if a hearing is necessary or if other circumstances warrant.

Dated:  February 15, 2007

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 15, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk