UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATHAN REID, #300961**

  Petitioner,

                Civil No: 06-CV-13281
                 Honorable George Caram Steeh
                 Magistrate Judge Virginia M. Morgan

v.

**MARY BERGHUIS**,

  Respondent.
_____

## OPINION & ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT & DISMISSING HABEAS PETITION

### I. Introduction

This habeas matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner pled no contest to second-degree murder, armed robbery, car-jacking and first-degree home invasion. He was originally sentenced to 450 months to 50 years, but was re-sentenced to a minimum of 400 months with the same maximum prison term. Petitioner raises the following issues: (1) whether the trial court abused its discretion in its acceptance of the no contest plea and its refusal to allow Petitioner to withdraw the plea; (2) whether Petitioner was denied effective assistance of counsel; (3) whether Petitioner was denied his right to allocute and to be present at his re-sentencing[1]; and (4) whether Petitioner was denied his right to an updated pre-

---

[1] The record does not reflect that there was a hearing which Petitioner could attend for re-sentencing purposes. Petitioner's re-sentence appears to have been a ministerial task undertaken by the trial court per the Michigan Supreme Court's order to bring Petitioner's sentence into compliance with *People v. Thomas,* 447 Mich. 390; 523 N.W.2d 215 (1994), which requires the minimum sentence not to exceed two-thirds of the maximum sentence, *infra*.

sentence report for the trial court's review prior to its amendment of Petitioner's original sentence.

Respondent filed a summary judgment motion asserting that Petitioner's claims should be dismissed as his habeas petition was filed beyond the statutory period of limitations. Petitioner filed a responsive pleading raising the doctrine of equitable tolling as a basis for the viability of his habeas claims. For the reasons set forth below, the Court grants Respondent's summary judgment motion and dismisses Petitioner's habeas petition as barred by the statute of limitations.

## II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F.3d 846, 851 (6th Cir. 2000), quoting Fed R. Civ. P. 56(c). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F.Supp.2d 767, 770 (E.D. Mich. 2003).

## III. Discussion

### A. Statutory Period of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application of writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one-year statute of limitations. See *Holloway v. Jones,* 166 F.Supp.2d 1185, 1187 (E.D. Mich. 2001).

**B. Timing of Petitioner's Filings & Petitioner's Argument**

In this case, the Petitioner does not dispute the filing chronology relative to his pleadings, nor when trial and appellate orders were issued, which succinctly is as follows:

● **1/31/2000 -** Petitioner was convicted.

● **10/26/2000 -** Petitioner filed an appeal of right with the Michigan Court of Appeals which was denied. *People v. Reid,* No: 229805 (Mich. App. October 26, 2000).

● **3/25/2003 -** Petitioner filed an application for leave to appeal with the Michigan Supreme Court which was denied. *People v. Reid,* 465 Mich. 969; 642 N.W.2d 678 (Table) Mich. Sup. Ct. No. 118087. However, the case was remanded to the "Genesee Circuit Court for re-sentencing in compliance with MCL 769.34(2)(b)." *Id.* The *Reid* court stated that "[t]he circuit court is directed to reduce defendant's minimum sentence as required by *People v. Thomas,* 447 Mich. 390; 523 N.W.2d 215 (1994)." *Id.* The *Reid* court did not retain jurisdiction.

● **4/25/2002** - Petitioner's sentence was amended in accordance with the direction of the Supreme Court by reducing the minimum sentence so that it does not exceed two-thirds of the statutory maximum sentence.

● **5/06/2003** - Petitioner filed a motion for relief from judgment with the trial court.

● **9/26/2003** - Petitioner's post-judgment motion was denied.

- **10/27/2004** - Petitioner's application for leave to appeal the September 26, 2003 trial court order with the Michigan Court of Appeals, was denied. *People v. Reid,* No: 229805 (Mich. App. October 27, 2004).

- **10/31/2005** - Petitioner's application for leave to appeal with the Michigan Supreme Court was denied. *People v. Reid,* 474 Mich. 896; 705 N.W.2d 129 (Table) Mich. Sup. Ct. No. 118087.

- **7/13/2006** - Petitioner signed his petition for habeas relief.

The Court has reviewed the time line and finds that Petitioner had until April 27, 2006, as described below, to file a timely habeas petition. However, Petitioner did not sign his habeas petition until July 13, 2006, which is seventy-seven days or two and one half months past the statutory period of limitations. Petitioner advances two arguments in an effort to extend the limitations period. First, although the Michigan Supreme Court denied relief in its March 25, 2002 decision, it also remanded the case so that Petitioner could be re-sentenced. Petitioner was re-sentenced by the Genesee Circuit Court; and that judgment became final on April 25, 2002. Therefore, in opposing respondent's motion for summary judgment, his first argument is that the statutory period did not begin to run from the March 25, 2002 ruling, but rather from the April 25, 2002 re-sentencing date.

Second, Petitioner maintains that although he was re-sentenced on April 25, 2002, he did not become aware of the trial court's ruling until November 2002, approximately seven months later. It was at that point he filed his motion for relief from judgment, which was timely. However, Petitioner contends that the seven month period of time during which he was unaware of the re-sentencing ruling should equitably toll the statutory period within which he had to file his habeas petition. Crediting Petitioner those seven months would make his July 13, 2006 habeas petition timely.

**C. Finality of Re-sentencing Judgment**

Addressing Petitioner's first argument, the Court agrees with Petitioner's position that the re-sentencing judgment dated April 25, 2002 was the date direct review of his appeal concluded. See *Walker v. Crosby,* 341 F.3d 1240, 1246 (11th Cir. 2003). Under *Walker,* the one-year limitation period for a habeas petition challenging the original conviction together with a re-sentencing judgment runs from the date the re-sentencing judgment became final by the conclusion of direct review and not from the original judgment date. *Id.;* see also *Hepburn v. Moore,* 215 F.3d 1208, 1209 (11th Cir. 2000). If the re-sentencing judgment is tolled by a properly filed application for state collateral relief, the one-year limitation period is tolled. *Id.*

Among Petitioner's challenges is the fact that the pre-sentence report was not updated for use at re-sentencing, the assumption being that if such a report had been provided his final sentence may have been lower. This argument merely challenges Petitioner's re-sentencing. Therefore, the Court finds that the final judgment date preceding Petitioner's motion for relief from judgment is April 25, 2002.

**D. Equitable Tolling**

Next, Petitioner claims that the period between April 25, 2002 and November 2002 should be equitably tolled because he was not aware that an order had been entered regarding his re-sentencing during that time period. However, Petitioner offers no explanation for why he did not become aware of the order for over seven months, nor does he impose fault or responsibility upon anyone or any entity for his failure to learn earlier that the April 25, 2002 amendment to his sentence had entered in accordance with the direction of the Supreme Court.

The habeas limitations provision is not a jurisdictional prerequisite to habeas relief, and is

thus subject to equitable tolling. See *Dunlap v. United States,* 250 F.3d 1001, 1007 (6th Cir. 2001). Nevertheless, "equitable tolling [should] be applied sparingly [.]." *Id.* at 1008. In determining whether equitable tolling is appropriate, the Court must consider "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* "The petitioner bears the burden of establishing that he is entitled to equitable tolling" *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003).

Although Petitioner states that he did not know how long it would take for the trial court to enter a re-sentencing order, he provides no explanation to the Court as to why he "sat on his rights" for over seven months while he claims he was awaiting a decision from the trial court. More importantly**,** Petitioner offers no rationale as to why he failed to file his habeas petition between October 31, 2005 (final judgment of the Michigan Supreme Court denying leave to appeal the denial of his post-judgment motion) and April 27, 2006 (expiration of the habeas filing period). Case law provides that it is reasonable to consider the fact that a petitioner waits several months before taking action relative to his claim when reviewing an equitable tolling issue. *LaCava v. Kyler,* 398 F.3d 271, 275 (3d. Cir. 2005). Sitting on rights for extended periods of time counsels against the invocation of equitable tolling. *United States v. Pace,* 544 U.S. 408, 419 (2005).

It is clear from the record that Petitioner sat on his rights for over seven months while waiting for a decision from the trial court regarding his re-sentencing in 2002. Also**,** he exacerbated the effect of "sitting on his rights" by failing to file his habeas petition between October 31, 2005 and April 27, 2006 which would have made his habeas petition timely despite the earlier seven month delay.

Indeed, Petitioner had been advancing the core issues relating to his no contest plea and his complaints of ineffective assistance of counsel for years by that time. The only other issue relating to re-sentencing certainly does not justify an additional six month delay in filing**.**

**IV. Conclusion**

Accordingly,

IT IS ORDERED that Respondent's Motion for Summary Judgment [Doc. 8-1, filed February 14, 2007] is **GRANTED**.

IT IS FURTHER ORDERED that the Petitioner for Writ of Habeas Corpus [Doc. 1-1, filed July 20, 2006] is **DENIED** and **DISMISSED WITH PREJUDICE**.

Dated: September 19, 2007

                                              S/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 19, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk