UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATHAN REID, #300961,**

      Petitioner,

v.                                   Case No. 06-CV-13281
                                        Honorable George Caram Steeh
                                        Magistrate Judge Virginia M. Morgan

**MARY BERGHUIS,**

      Respondent.

_____

**OPINION & ORDER DENYING REQUEST
FOR CERTIFICATE OF APPEALABILITY**

**I. Introduction**

On September 19, 2007, the Court denied Petitioner's application for writ of habeas corpus which was filed pursuant to 28 U.S.C. §2254. The Court determined that Petitioner's habeas application was barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations set forth under 28 U.S.C. 2244(d)(1). On October 15, 2007, Petitioner filed a Notice of Appeal with this Court. On November 7, 2007, Petitioner filed a Motion for Certificate of Appealability and supporting brief detailing his request for the Court's decision to be reviewed for appellate consideration.

Petitioner acknowledges that the Court was correct in its determination that he exceeded the statute of limitations in which to file a timely habeas petition. However, Petitioner asserts that because: (1) he "relied on all outside sources for help in all legal matters;" (2) he was "ignorant about the legal requirements for filing claims;" and (3) "he acted with due diligence in pursuing his

rights," that this Court should grant a certificate of appealability under an "extraordinary circumstances" or a "rare exceptional circumstances" basis. (Brief in Support of Motion for Certificate of Appealability, pg. 2).

## II. Standard of Review for Issuance of Certificate of Appealability

> [A] prisoner seeking post-conviction relief under 28 U.S.C. §2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability].

*Miller-El v. Cockrell,* 53 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of [a] constitutional right." 28 U.S.C. 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court may be taken. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, this result will only be proper, if the petitioner shows that jurists of reason would find it debateable whether the petitioner stated a valid claim of the denial of a constitutional right, and that jurists of reason would find it debateable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.

## III. Law & Analysis

Upon review of this matter, the Court finds that Petitioner has failed to show that the issues raised in support of his request for habeas relief warrant the issuance of a certificate of appealability. The Court will deny Petitioner's request for a certificate of appealability because reasonable jurists would not find it debateable whether this Court was correct in determining that

Petitioner had filed his habeas petition outside of the one-year limitations period. *Grayson v. Grayson,* 185 F.Supp. 2d 747, 753 (E.D. Mich. 2002). Furthermore, the doctrine of equitable tolling was deemed inapplicable in this case as set forth in the opinion and order denying habeas relief. Whether such a doctrine should be applied to a petitioner's habeas application is also not reasonably debateable. Petitioner's procedural default, therefore prevents he and the Court from addressing his constitutional claims. Consequently, the Court hereby finds that the procedural issues discussed nor the underlying substantive constitutional claims are certifiable for appeal.

**IV. Conclusion**

Accordingly,

IT IS ORDERED that Petitioner's Notice or Appeal [Doc. # 31, filed October 15, 2007] is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion for Certificate of Appealability [Doc. # 33, filed November 7, 2007] is DENIED.

Dated:  November 26, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 26, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk